UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENNY TRAKHTER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES,<br><br>    Defendant. | Case No. 20-cv-02282-SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION**<br><br>Re: Dkt. No. 11 |

On June 11, 2020, the defendant, the United States, filed the instant motion to dismiss the plaintiff-taxpayers' tax refund complaint. Dkt. No. 12 at 1[1] (Mot. to Dismiss). Pursuant to Civil Local Rule 7-1(b) the Court hereby vacates the July 17, 2020, hearing. The motion to dismiss is GRANTED.

**BACKGROUND**

The IRS determined plaintiff-taxpayers Lenny Trakhter and Natalya Malakhova formed a construction company in December of 2007. Dkt. No. 1 ¶ 8 (citing Dkt. No. 1-1, *Exhibit A*) (Refund Complaint). On June 8, 2009, plaintiff-taxpayers filed their 2008 tax return indicating a total tax liability of $8,040.00. Dkt. No. 1 ¶ 6 (Refund Complaint). In approximately July 2010, the IRS audited plaintiff-taxpayers' 2008 tax return. *Id.* at 1 ¶ 7. The IRS concluded the plaintiff-taxpayers understated their construction company's income. *Id.* at ¶ 7 (citing Dkt. No. 1-1, *Exhibit A*).

Subsequently, an IRS auditor conducted a bank deposit analysis for the 2008 tax year. *Id.* at ¶ 11 (Refund Complaint). The IRS claimed plaintiff-taxpayers underreported gross income and

---

[1] For ease of reference, all citations to page numbers refer to the ECF branded number in the upper right corner of documents.

overstated business expenses. *Id.* at ¶ 9. The corporation's missing funds were deemed constructive dividends distributed to shareholders, i.e. plaintiff-taxpayers. *Id.* at ¶ 23. As a result, the net income of the plaintiff-taxpayers' corporation increased by $363,902.00. Dkt. No. 1 ¶ 9 (citing Dkt. No. 1-1, *Exhibit A* (IRS Form 1040)) (Refund Complaint). The income increase required the plaintiff-taxpayers to pay the IRS $160,065.98. Dkt. No. 1 ¶ 13 (citing Dkt. No. 1-1, *Exhibit B* (IRS Account Transcript)). On April 5, 2018, the IRS levied and obtained $160,065.98 from plaintiff-taxpayers. Dkt. No. 1 ¶ 14 (citing Dkt. No. 1-1, *Exhibit B* (IRS Account Transcript)). On April 3, 2019, plaintiff-taxpayers filed a Request for Audit Reconsideration with the IRS for the 2008 tax year. Dkt. No. 1 ¶ 15.

Plaintiffs state that on or about July 2, 2019, their counsel contacted the IRS to confirm the IRS received the Request for Audit Reconsideration. Dkt. No. 1 ¶ 16. The IRS indicated no request was received. *Id.* The following day, plaintiff-taxpayers' counsel resubmitted the Request for Audit Reconsideration. Dkt. No. 1 ¶ 16 (citing Dkt. No. 1-1, *Exhibit D*). On February 22, 2020, plaintiff-taxpayers filed IRS Form 843 for tax year 2008. Dkt. No. 1 ¶ 17 (citing Dkt. No. 1-1, *Exhibit E* (IRS Form 843 "Claim for Refund and Request for Abatement")).

On April 3, 2020, plaintiff-taxpayers filed a civil complaint against the United States government for refund of overpayment of taxes. Dkt. No. 1 (Refund Complaint). The United States moved the Court to dismiss the complaint for lack of subject matter jurisdiction pursuant to FRCP 12(b)(1). Dkt. No. 11 at 3 (Mot. to Dismiss).

**LEGAL STANDARD**

Fed. R. Civ. P. 12(b)(1) allows a party to challenge a federal court's subject matter jurisdiction. As the party invoking subject matter jurisdiction of the federal court, the plaintiff bears the burden of establishing the court has the requisite subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Thornhill Publ'g Co., Inc. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("A Rule 12(b)(1)

jurisdictional attack may be facial or factual."). A challenge to subject matter jurisdiction is a factual attack where the moving party relies on extrinsic evidence and does not assert a lack of subject matter jurisdiction solely based on the pleadings. *Safe Air for Everyone*, 373 F.3d at 1039 (quoting *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003)).

"In resolving a factual attack on subject matter jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)). If the moving party converts its motion to dismiss into a factual motion by submitting affidavits, the opposing party must then also present affidavits or other evidence to meet its burden for satisfying subject matter jurisdiction. *Id.*

**DISCUSSION**

A civil action for a tax refund may be brought against the United States pursuant to 28 U.S.C. § 1346 and 26 U.S.C. § 7422. Section 7422(a) provides that no suit shall be maintained in any court until a claim for refund or credit has been duly filed with the Secretary of the Treasury. *See Boyd v. United States*, 762 F.2d 1369, 1371 (9th Cir. 1985). First, the "duly filed" claim must be timely. *Northern Life Ins. Co. v. United States*, 685 F.2d 277, 279 (9th Cir. 1982). Second, "[i]f the refund claim does not meet the requirements of the Code and the regulations, the suit must be dismissed . . . ." *Boyd v. United States*, 762 F.2d 1369, 1371 (9th Cir. 1985). However, the district court may have jurisdiction if the taxpayer presents facts sufficient to enable the commissioner of the Internal Revenue to make an intelligent administrative review of the claim. *Lemoge v. United States*, 378 F. Supp. 228, 232 (N.D. Cal. 1974).

First, the plaintiff-taxpayers here have not properly waited before filing suit. Jurisdiction pursuant to § 7422(a) is limited by 26 U.S.C. § 6532(a)(1). Section 6532(a)(1) requires a taxpayer to wait at least six months from the date a refund claim was filed before filing suit if the claim has not been acted upon by the IRS. Here, plaintiff-taxpayers filed their refund claim on February 22, 2020, and then filed their civil complaint on April 3, 2020, less than two months later. Dkt. No. 1 ¶ 17 (IRS Form 843 "Claim for Refund and Request for Abatement"). Thus, the plaintiff-taxpayers

did not fulfill the § 6532(a)(1) requirements. This temporal requirement cannot be cured through the passage of time as the Court must determine if it had jurisdiction as of the date the complaint was filed. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) (citing *Mollan v. Torrance*, 22 U.S. 537, 539 (1824)) ("It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'").

Second, the plaintiff-taxpayers did not comply with Treasury Regulations 26 C.F.R. § 301.6402-3(a)(2) or 26 C.F.R. § 301.6402-2(b)(1). Section 301.6402-3(a)(2) requires plaintiff-taxpayers to submit a Form 1040X for overpayment refund claims if the taxpayer originally filed with Form 1040 or 1040A. While plaintiff-taxpayers originally filed with Form 1040, they filed their refund claim with Form 843. Dkt. No. 1-1, *Exhibit A* (IRS Form 1040); Dkt. No. 1 ¶ 17 (indicating plaintiff-taxpayers filed with Form 843). Plaintiff-taxpayers argue "it would be redundant and burdensome to prepare a 1040X that reflected a different tax return than the tax return they originally filed." Dkt. No. 12 at 7 (Opp. Mot. To Dismiss). This argument is unpersuasive and does not justify ignoring the Treasury Regulation.

Additionally, plaintiff-taxpayers did not comply with 26 C.F.R. § 301.6402-2(b)(1). Section 301.6402-2(b)(1) indicates a taxpayer must write and execute a refund claim under penalty of perjury. Or, a plaintiff-taxpayers' counsel may write and execute the refund claim and attach a power of attorney form. 26 C.F.R. § 301.6402-2(e). Here, plaintiff-taxpayers' counsel executed the refund claim and attached the power of attorney. Dkt. No. 1-1, *Exhibit C* (Form 2848 power of attorney). However, plaintiff-taxpayers' counsel did not sign under penalty of perjury. *Id.* This is a critical omission, as the IRS "has heightened requirements for allowing a representative to sign a document under penalty of perjury on behalf of a principal." *Wilson v. United States*, No. 18-408 T, 2019 WL 988600, at *5 (Fed. Cl. Feb. 27, 2019). The power of attorney form does not fulfil the penalty of perjury requirement. *Id.* Plaintiff-taxpayers' counsel needed to sign the refund claim under penalty of perjury. *Id.* Thus, the plaintiff-taxpayers failed to follow the Treasury Regulation § 301.6402-2(b)(1). *Id.*

Third, jurisdiction pursuant to § 7422 is satisfied if the refund claim presents "facts sufficient to enable the Commissioner of Internal Revenue to make an intelligent administrative review of the

claim." *Lemoge v. United States*, 378 F. Supp. 228, 232 (N.D. Cal. 1974) (citing *Tucker v. Alexander*, 275 U.S. 228, 231 (1927)). "Failure to observe [the statute and regulations] does not necessarily preclude recovery." *Id.* However, "the court must be mindful that the basic purposes of § 7422(a) and the accompanying regulations are 'to afford the [IRS] an opportunity to consider and dispose of the claim without the expense and time which would be consumed if every claim had to be litigated . . . .' " *Id.*

Here, plaintiff-taxpayers state the IRS knew they were challenging the tax assessed by the audit conducted on the 2008 tax return and challenging the imposed tax. Dkt. No. 12 at 6 (Reply). Plaintiff-taxpayers further argue their detailed letter explaining the basis of their request for refund, Form 843, and their originally filed 2008 1040 Form sufficiently enables the Commissioner of Internal Revenue to make an intelligent administrative review of the claim. *Id.* at 7. However, as discussed above, the IRS was not given a meaningful opportunity to consider and dispose of the claim, as the plaintiffs filed suit less than forty-five days after giving the IRS notice, instead of waiting the requisite 6 months. Dkt. No. 1 ¶ 17 (Refund Complaint).

## CONCLUSION

The Court GRANTS defendant's motion to dismiss plaintiffs' tax refund claim due to lack of jurisdiction. Plaintiff-taxpayer's complaint is dismissed without prejudice. The plaintiff-taxpayers may re-file their civil complaint after waiting six months from their IRS refund claim filing date if the IRS has not acted on the refund claim or after putting the IRS on notice by signing their refund claim under penalty of perjury and by utilizing Form 1040X.

**IT IS SO ORDERED**.

Dated: July 14, 2020

_____
SUSAN ILLSTON
United States District Judge